IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL D. DEWEY,<br><br>                Petitioner,<br><br>vs.<br><br>ROB JEFFEREYS, Director Nebraska Department of Correctional Services;<br><br>                Respondent. | 4:24CV3087<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on preliminary review of Petitioner Michael D. Dewey's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. Also before the Court are Petitioner's motion for appointment of counsel, Filing No. 7, and motion for leave to amend, Filing No. 8. For the reasons that follow, the Court finds the petition sets forth potentially cognizable habeas claims, Petitioner's motion for leave to amend should be granted to give Petitioner an opportunity to amend his habeas petition before this matter progresses further, and his motion for appointment of counsel will be denied at this time without prejudice to reassertion.

## I. INITIAL REVIEW

      The purpose of the Court's initial review of the petition is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

      Claim One:      Petitioner was denied the effective assistance of counsel at all critical stages of the proceedings in violation of the Sixth and Fourteenth Amendments because counsel: (1) failed to adequately investigate and challenge the admissibility of the

firearm evidence; (2) failed to adequately investigate, contact, depose, interview, subpoena, or call as a witness, Destinee Godel; and (3) unduly pressured Petitioner to enter a plea against his wishes and made promises regarding sentencing.

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

## II.  MOTION FOR APPOINTMENT OF COUNSEL

Petitioner requests the appointment of counsel because he is convicted of manslaughter and firearm charges, "the complexities of arguing the case exceeds his levels of education, training, and abilities," the legal aide who assisted Petitioner can no longer help him, Petitioner cannot afford to hire his own attorney, and he is limited to two to four hours per week in the law library. Filing No. 7. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

*See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

Despite his professed limitations, Petitioner has litigated this matter appropriately and his pleadings are clear and well-written. Thus, after careful review of the record, the Court finds there is no need for the appointment of counsel at this time. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

### III. MOTION FOR LEAVE TO AMEND

Lastly, Petitioner filed a motion seeking leave to amend his petition once the Court completed its initial review and ruled upon his motion for appointment of counsel. Filing No. 8. Petitioner states he hurriedly filed his petition so that it would be timely received, but he has "ineffective assistance of counsel claims, such as counsel failure to investigate and object, that he believes need[] to be added into the [petition]." *Id*. at 1 (capitalization omitted). Petitioner would prefer to have counsel assist him with amending his petition, but if counsel is not appointed, Petitioner "requests he be allowed to go through the record and try to amend on his own." *Id*.

Upon consideration, the Court will grant Petitioner's motion, and Petitioner shall have 30 days to file an amended habeas petition setting forth all his habeas claims he wishes to pursue. The Court will wait to enter an order progressing this matter and

requiring Respondent to file a response to the petition until after Petitioner has an opportunity to amend his petition. If Petitioner fails to file an amended petition or request an extension of time to file an amended petition within 30 days, then the Court will progress this matter on the present petition, Filing No. 1, and the claims set forth above.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition, Filing No. 1, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court. However, this matter will not progress further until after Petitioner has an opportunity to amend his petition as set forth below.

2. Petitioner's motion for leave to amend, Filing No. 8, is granted. Petitioner shall have until **December 2, 2024**, to file an amended habeas petition setting forth all the claims for relief he wishes to pursue in this habeas case. To be clear, Petitioner must set forth his claims from his original petition, Filing No. 1, and any additional claims in his amended petition. **Petitioner is warned that the amended petition will supersede, not supplement, his original petition.** Petitioner is encouraged to utilize the enclosed form petition for a writ of habeas corpus under 28 U.S.C. § 2254. If Petitioner fails to file an amended petition by **December 2, 2024**, then this matter will proceed on the claims in the original petition as set forth above in this Memorandum and Order.

3.	If Petitioner requires additional time to amend his petition he must file a written motion seeking an extension of time before the expiration of the **December 2, 2024**, deadline.

4.	The Clerk of Court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

5.	Petitioner's motion for appointment of counsel, Filing No. 7, is denied without prejudice to reassertion.

6.	The Clerk of Court is directed to set a pro se case management deadline using the following text: **December 2, 2024**: deadline for amended petition.

Dated this 31st day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

5