IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL D. DEWEY,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFEREYS, Director Nebraska Department of Correctional Services;<br><br>Respondent. | 4:24CV3087<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner's motion requesting discovery and an extension of time. Filing No. 13. Petitioner seeks "all [his] paperwork in order to amend and argue the claims in [his] habeas petition" as he "do[es not] believe [his] lawyer provided [him] a complete discovery during the trial stage/appeal stage of [his] proceedings." *Id*.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Williams v. Steele*, 2013 WL 5838727, at *2 (E.D. Mo. Oct. 30, 2013) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Here, Petitioner merely speculates that he has not received the complete discovery records from his state criminal proceedings, but he does not identify what information he believes is missing or how such information is relevant to the claims alleged in his habeas petition or the claims he seeks to raise in an amended petition. Petitioner's statement that he "lack[s] the necessary documents to argue [his] claims," Filing No. 13, merely suggests that he is seeking

evidentiary support for his claims, not that the documents are needed for Petitioner to simply allege, or say, what his claims are, which is all that is required at this early stage in the proceedings.

Once Petitioner either amends his petition or this matter progresses on his existing petition, the Court will require Respondent to file the state court records relevant to Petitioner's claims. After Respondent files the state court records, Petitioner may seek additional records if he deems the designation of state court records insufficient or needs additional records from the designation. Specifically, Petitioner will be able to file a motion with the Court requesting additional documents and explaining why the documents are relevant to Petitioner's claims. The Court has not yet required Respondent to respond to Petitioner's habeas petition so no state court records have yet been filed.

As such, the Court finds Petitioner has failed to show good cause for the discovery he seeks and will deny Petitioner's discovery motion without prejudice to reassertion. However, the Court will grant Petitioner's request for an extension of time to file his amended petition as set forth below.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion, Filing No. 13, is denied in part, and granted in part as follows:

    a. Petitioner's request for discovery is denied without prejudice to reassertion.

    b. Petitioner's request for an extension of time is granted. Petitioner shall have until **May 8, 2025**, to file an amended habeas petition in accordance with the Court's October 31, 2024, Memorandum and

Order, Filing No. 12.  If Petitioner fails to file an amended petition by **May 8, 2025**, then this matter will proceed on the claims in the original petition as set forth in the October 31, 2024, Memorandum and Order.

2. If Petitioner requires additional time to amend his petition, he must file a written motion seeking an extension of time before the expiration of the **May 8, 2025**, deadline.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: **May 8, 2025**: deadline for amended petition.

Dated this 8th day of April, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

3