IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL D. DEWEY,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFEREYS, Director Nebraska Department of Correctional Services;<br><br>Respondent. | 4:24CV3087<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Petitioner's motion to continue in which Petitioner requests "an order continuing the motion to amend until after the respondent files their designation of records." Filing No. 15. On October 31, 2024, the Court determined upon preliminary review that Petitioner's petition, Filing No. 1, set forth potentially cognizable habeas claims but granted Petitioner's motion to amend his petition to give Petitioner an opportunity to amend his petition before progressing this matter further. Filing No. 12. On April 8, 2025, the Court denied Petitioner's motion requesting discovery and extended Petitioner's deadline to amend his petition to May 8, 2025. Filing No. 14. Liberally construed, Petitioner now asks the Court to extend his deadline to amend his petition until after Respondent has filed his answer and designation of state court records. Filing No. 15.

Petitioner clearly wishes to wait until Respondent has filed the relevant state court records and his answer before amending his petition. Accordingly, the Court will progress this matter on the current petition, Filing No. 1, and require Respondent to file a response and the relevant state court records. As set forth in Rule 15 of the Federal Rules of Civil Procedure, which governs motions to amend petitions in habeas

proceedings, see Mayle v. Felix, 545 U.S. 644, 655 (2005) (stating that Rule 15 is "made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11"), amendments are allowed one time as a matter of course if the amendment is filed within 21 days of service of a responsive pleading or a Rule 12 motion. Fed. R. Civ. P. 15(a)(1)(B). Thus, as provided in Rule 15, Petitioner may amend his petition within 21 days of service of Respondent's answer without seeking leave of the Court. However, if Petitioner seeks to file an amended petition outside of the 21-day time frame after Respondent files his response, then Petitioner must file a new motion requesting leave to amend his petition. See Fed. R. Civ. P. 15(a)(2).

IT IS THEREFORE ORDERED that:

1. Petitioner's motion to continue, Filing No. 15, is granted to the extent that Petitioner may file an amended petition within 21 days of Respondent filing a response to the petition as set forth below. To the extent Petitioner seeks leave to file an amended petition more than 21 days after Respondent files a response, the motion is denied without prejudice to the filing of a new motion to amend the petition under Fed. R. Civ. P. 15(a)(2).

2. As the Court previously determined, Petitioner's habeas claims in the petition, Filing No. 1, as they are set forth in the Court's October 31, 2024, Memorandum and Order, Filing No. 12, are potentially cognizable in federal court.

3. By **June 30, 2025**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **June 30,**

**2025**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

    4.    If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

        A.    The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

        B.    The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

        C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. *See* the following paragraph. The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

5. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. By **June 30, 2025**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate

4

        filing entitled: "Designation of State Court Records in Support of Answer."

B.    No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.,* Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.    Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **July 30, 2025**: check for Respondent's answer and separate brief.

6. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 16th day of May, 2025.

BY THE COURT:

*(signature)*

Joseph F. Bataillon
Senior United States District Judge